Filing # 226776342 E-Filed 07/08/2025 11:27:06 AM

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY FLORIDA**
**CIVIL DIVISION**

FAALOUA FAALOUA,
an individual, and

CASE NO:

Plaintiff,

v.

ALEXIS KEITT, an individual, WERNER ENTERPRISES, INC., a foreign for-profit Corporation, and STATE FARM MUTUAL AUTOMIBILE INSURANCE COMPANY, a foreign for-profit Corporation,

Defendants.
_______________________________________/

# COMPLAINT

**COMES NOW**, Plaintiff, Faaloua Faaloua (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, Alexis Keitt (hereinafter, "Keitt"), Werner Enterprises, Inc. (hereinafter, "Werner") and State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm") (together with Keitt and Werner, collectively "Defendants"). In support thereof, Plaintiff states:

## PARTIES, JURISDICTION AND VENUE

1. This court has jurisdiction over this dispute because Plaintiff seeks damages in excess of $50,000.00 dollars, exclusive of interest and attorneys' fees.

2. Venue is proper in Polk County, Florida because the events from which this cause of action arose occurred in Polk County, Florida. *Fla. Stat.* § 47.011.

3. At all material times herein, Plaintiff is a natural person, a resident of Polk County, Florida, and is over the age of eighteen (18) years old and is otherwise *sui juris*.



**2025CA-002611-A000-BA Received in Polk 07/08/2025 11:50 AM**

4. At all material times herein, Keitt is a natural person and a resident of Greenville, South Carolina. Keitt is subject to jurisdiction under *Fla. Stat.* 48.193(1)(b), (d).

5. At all material times herein, Werner is a foreign for-profit Corporation, is authorized to do business, was doing business, and had an office for the transaction of its customary business, in Polk County, Florida. Werner is subject to jurisdiction under Florida Statues, Section 48.193.

6. At all times material hereto, State Farm is a foreign for-profit Corporation, licensed to do business in the state of Florida, authorized to engage in the business of selling and underwriting insurance, and was conducting business in Polk County, Florida. State Farm is subject to jurisdiction under Florida Statutes, Section 48.193

**FACTUAL ALLEGATIONS**

7. On or about April 15, 2024, Plaintiff was the lawful operator of a 2021 Dodge Ram (hereinafter, the "Dodge").

8. On or about April 15, 2024, Keitt was in Polk, County Florida for business purposes relating to his employment with Werner.

9. At all material times herein, Keitt operated the 2021 KW Truck (hereinafter, "KW Truck") with Werner's authorization and approval, and for Werner's benefit.

10. At all material times herein, Keitt operated the KW Truck within the scope of his employment with Werner.

11. At all material times herein, Werner owned the KW Truck and allowed Keitt to operate the KW Truck.

12. At all material times herein, Plaintiff was in the exercise of all due care while operating the Dodge.

13. At all material times herein, Plaintiff was properly restrained by the Dodge's safety belts.

14. On or about April 15, 2024, Plaintiff was traveling in the Dodge westbound on Interstate 4 in Polk County, Florida.

15. On or about April 15, 2024, Keitt was also traveling westbound in the KW Truck on Interstate 4 in Polk County, Florida.

16. While driving the KW Truck, Keitt suddenly and without right of way entered the lane of travel Plaintiff was in causing Plaintiff's Dodge to forcefully strike the back passenger's side of the KW Truck (hereinafter, the "Collision").

17. At the time of the immediately aforementioned Collision, Keitt was an underinsured motorist.

18. At all material times herein, Plaintiff maintained an insurance policy identified by policy number K96 5895-F30-59B (hereinafter, the "State Farm Policy"). A true and correct copy of the State Farm Policy is attached hereto as Exhibit "A."

19. At all material times herein, the State Farm Policy was in full force and effect and afforded Plaintiff uninsured or underinsured motorist coverage benefits.

20. More specifically, the State Farm Policy provides Plaintiff, *inter alia,* non-stacked uninsured motorist benefits of S10,000.00/$20,000.00 per person/occurrence.

21. As a direct and proximate cause of Keitt's negligence, Plaintiff suffered injuries and damages.

22. More specifically, Plaintiff suffered permanent injuries, or an aggravation of a pre-existing conditions or injuries, as a result of the above-referenced careless and negligent conduct (i.e., the Collision) and Plaintiff will suffer additional pain, suffering, and other losses in the future.

23. All conditions precedent to the filing of this action have been satisfied or waived.

**COUNT I- NEGLIGENCE**
**(Faaloua v. Keitt)**

Plaintiff re-alleges paragraphs one (1) through twenty-three (23) as if fully contained herein and further states as follows:

24. Keitt owed Plaintiff a duty to use reasonable care in the operation of the KW Truck.

25. Further, Keitt owed Plaintiff a duty to operate the KW Truck in a careful and safe manner.

26. Keitt breached his duties to Plaintiff when he operated the KW Truck in a careless and negligent manner and as a result, Plaintiff's Dodge forcefully struck the back passenger's side of the KW Truck (i.e., the Collision).

27. As a direct and proximate result of Keitt's negligence, Plaintiff suffered serious and permanent injuries, resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, expenses for medical treatment and will incur expenses for medical treatment in the future, loss of earnings, loss of future earning capacity due to the permanent nature of said injuries, and aggravation of pre-existing conditions or injuries.

28. Plaintiff's losses are either permanent or continuing in nature and Plaintiff will suffer losses in the future.

**COUNT II- VICARIOUS LIABILITY**
**(Faaloua v. Werner)**

Plaintiff re-alleges paragraph one (1) through twenty-three (23) as if fully contained herein and further states as follows:

29. At all material times herein, Keitt was employed by Werner.

30. At all material times herein, Keitt was in Polk County, Florida at the direction of

his employer, Werner, and was in the course and scope of his employment at the time of the Collision.

31. At all material times herein, Keitt operated the KW Truck for business purposes with Werner's knowledge, consent and approval.

32. Furthermore, at all material times herein, Keitt and his actions were subject to Werner's right of control.

33. Keitt operated the KW Truck in a negligent manner in the scope of his employment with Werner and, as such, Werner is vicariously liable for Keitt's negligence.

34. As a direct and proximate cause of Keitt's aforementioned negligence, Plaintiff suffered injury resulting in, amongst other things, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money in the future. Plaintiff has suffered injury and losses within a reasonable degree of medical probability, which are either permanent and/or continuing in nature, and will suffer additional pain, suffering and other losses in the future.

**COUNT III-CLAIM FOR COVERAGE**
**(Faaloua v. State Farm)**

Plaintiff re-alleges paragraphs one (1) through twenty-three (23) as if fully contained herein and further states as follows:

35. Plaintiff has suffered injuries and damages, with Plaintiff expending monies to medical providers or is obligated to pay medical providers for medical services and expenses not covered by personal injury protection benefits or other collateral sources.

36. At all material times herein, Keitt had insufficient bodily injury liability insurance.

37. At all material times herein, Plaintiff was insured under the State Farm Policy. *See* Ex. A.

38. The State Farm Policy was in full force and effect at the time Keitt and the KW Truck caused Plaintiff's Dodge to forcefully strike the back passenger's side of the KW Truck (i.e., the Collision).

39. The State Farm Policy afforded Plaintiff uninsured or underinsured motorist coverage benefits.

40. Plaintiff has made a claim and sought settlement of the uninsured motorist claim with State Farm, but State Farm has failed or refused to pay benefits and resolve Plaintiff's claims for damages in their entirety.

41. State Farm is legally obligated to pay Plaintiff all damages in excess of any available personal injury protection and bodily injury liability coverage for the injuries, damages, and losses Haight caused Plaintiff.

**<u>COUNT IV-DANGEROUS INSTRUMENTALITY</u>**
**(Faaloua v. Werner)**

Plaintiff re-alleges paragraphs one (1) through twenty-three (23) as if fully contained herein and further states as follows:

42. Werner, as owner of the KW Truck, possessed the right to permit and the power to prohibit Keitt from using the KW Truck.

43. Werner, as owner of the KW Truck, permitted Keitt to operate the KW Truck in a negligent and/or reckless manner, Keitt failed to pay attention, failed to stop the KW Truck in a safe and timely manner, and as a result, Plaintiff's Dodge forcefully struck the back passenger's side of the KW Truck (i.e. the Collision).

44. As a direct and proximate cause of Keitt's carelessness and negligence in operating the KW Truck, Plaintiff suffered permanent injury, or an aggravation of a pre-existing condition or injury, within a reasonable degree of medical probability.

45. Moreover, as a direct and proximate cause of the aforementioned carelessness and negligence, Plaintiff incurred expenses, fees, and cost of medical care for his injuries, including physician's fees, medications, and medical supplies.

46. Werner, as the owner of the KW Truck, is responsible for the damages Keitt caused Plaintiff while operating the KW Truck.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiff respectfully requests judgments against Defendants in the amount of the total medical bills Plaintiff owed or owes, future necessary medical treatment, property damage sustained, compensation for any and all injuries and damages suffered both previously, presently, and in the future, pain and suffering, aggravation of any pre-existing conditions or injuries, loss of use of the vehicle, loss of earnings and any other compensation sustained, costs and all damages allowable under Florida law, and any other relief that this court considers just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

**WHEREFORE**, Plaintiff demands a jury trial on all triable issues in this matter.

DATED THIS 8th day of July 2025.

Respectfully Submitted,

**LEAVENLAW**

/s/ *Ashley Long*
**Ian R. Leavengood, Esq., FBN 010167**
**Michael J. Boyle, Esq., FBN 689009**
**Philip M. Piazza Esq., FBN 092961**
**Jason Thomas, Esq., FBN 16269**
**Ashley Long, Esq., FBN 10418**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
P: (727) 327-3328 / F: (727) 327-3305

Team1.service@leavenlaw.com
*Attorneys for Plaintiffs*



2025CA-002611-A000-BA Received in Polk 07/08/2025 11:50 AM

# EXHIBIT "A"

## Policy Information

| | |
|---|---|
| Policy Number | K96 5895-F30-59B |
| Policyholder Name(s) | FAALOUA, KATIE & FAALOUA |
| Product Line | A |
| Policy Type | PRIVATE PASSENGER |
| Protected Person Indicator | |
| Form Number | 9810A |
| Company Name | State Farm Mutual Automobile Insurance Company |

## Vehicle Information

| | |
|---|---|
| Make | RAM |
| Model | 1500 |
| Year | 2021 |
| VIN | 1C6RREFT4MN608552 |

## Coverages

A 10/20,A 500,D500,G500,U 10/20,P10 10000/500,H,R1 50/1500

| Coverage Name | Abbrevation | Deductible | Limit |
|---|---|---|---|
| Bodily Injury | A | | $10,000 Limit Per Person, $20,000 Limit Per Accident |
| Property Damage | A | | $500,000 Limit Per Accident |
| Comprehensive Coverage | D | $500 | |
| Collision Coverage | G | $500 | |
| Uninsured/Underinsured Motor Vehicle (Stacking) | U | | $10,000 Limit Per Person, $20,000 Limit Per Accident |
| No Fault | P10 | $500 | $10,000 Aggregate Limit |
| Emergency Road Service | H | | |
| Car Rental/Travel Expenses | R1 | | $50 Limit Per Day, $1,500 Limit Per Occurrence |